DAVID L. LANGHAIM, ESQ.
Nevada Bar No.: 12425
E-mail: dll@AnthemLawNV.com
ANTHEM LAW
1519 Helm Dr.
Las Vegas, NV 89118
Telephone:  (702) 885-9897
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Marissa Pensabene, an individual, | CASE NO.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| NCO Financial System, INC, a foreign corporation, | |
| Defendant. | |

Plaintiff, Marissa Pensabene (hereinafter "Plaintiff") by and through counsel, and for her complaint against NCO Financial System, Inc. (hereinafter "Defendant"), alleges as follows:

### PRELIMINARY STATEMENT

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), and the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq*. (hereinafter "TCPA").

### JURISDICTION

2.      The jurisdiction of this Court is conferred by 15 U.S.C. § 1692k(d) and 47 U.S.C. § 227g(2).  Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b).

…

…

…

…

**PARTIES**

3.    Plaintiff is a natural person residing in the State of Nevada.

4.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.    Defendant is a "debt collector," as defined in 15 U.S.C. § 1692a(6) and at all times relevant here to was trying to collect a "debt" as defined by 15 U.S.C. § 1692a(5).

6.    Defendant is a Pennsylvania corporation engaged in the business of collection debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7.    Defendant uses an "automatic telephone dialing system," as defined in 47 U.S.C § 227a(1).

**FACTUAL ALLEGATIONS**

8.    In December 2013, Plaintiff was admitted to and received medical treatment from Valley Hospital, in Las Vegas.

9.    As a result of the care provided and services rendered, Plaintiff received a bill from her insurance company, the ambulance who transported her to the hospital and Valley Hospital.  Plaintiff promptly remitted payments for the aforementioned bills.

10.    In June, 2014, Defendant contacted Plaintiff, by calling Plaintiff's cell phone, regarding an alleged debt of $75.00.

11.    Plaintiff, at the time of initial contact, had no knowledge of the alleged debt, which the original creditor was, nor the source of the alleged debt.  Defendant's representative, who made the initial call to Plaintiff, failed to tell Plaintiff the name of her company (i.e. NCO) and failed to advise Plaintiff of the name of the original creditor.

12.    After some prodding, during the initial call, Plaintiff ascertained that the creditor was "Shadow Emergency Physicians."

13.    Plaintiff then assumed the alleged debt referenced by Defendant was likely related to the medical treatment from December, 2013.  Plaintiff, having no knowledge of Shadow Emergency Physicians, nor any recollection as to any treatment rendered by Shadow Emergency

Physicians, requested a written statement from Defendant that contained more information about the alleged debt.

14.    Defendant failed to deliver written notification of the debt after the initial request. Furthermore, Defendant contacted Plaintiff multiple times after the original request for written information.   Plaintiff made more than one request for the written notification.

15.    Defendant failed to procure written notification after her initial request.

16.    Plaintiff eventually called Defendant to again request written notification.   In July 2014, Plaintiff finally received written communication from Defendant, which she had previously requested.   This was the first written communication Plaintiff received from Defendant.

17.     After the initial contact by Defendant and the request for written verification of the debt, Plaintiff began receiving automated calls from Defendant.   These automated calls were made in an attempt to collect the alleged debt.

18.    The calls from Defendant, to Plaintiff's cell phone, were made during a variety of times during the day, including during working hours and the calls came from multiple different numbers.

19.    Plaintiff never expressly consented to receive such calls.   Furthermore, Plaintiff, at the time the automated calls began, had not received written verification of the debt.

20.    During the time in which Defendant was attempting to collect the alleged debt, but failed to provide written information to Plaintiff (approximately 30 days), Plaintiff was attempting to purchase a home and apply for a loan to purchase said home.

21.    Plaintiff had concerns about whether the dispute and alleged debt would harm Plaintiff's credit and thereby affect Plaintiff's ability to purchase a home and whether she would have to pay a higher interest rate.

22.    Plaintiff was unduly stressed by the home purchase due to the failure of Defendant to act within the guidelines set by 15 U.S.C. § 1692, *et seq.* and 47 U.S.C § 227 *et seq*.

…

1

## **VIOLATIONS**

2    23.    The violations of the Fair Debt Collection Practices Act committed by Defendant

3  include, but are not limited to:

4    A.  Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural

5        consequence of which was to harass, oppress, or abuse Plaintiff by repeatedly

6        contacting her via representatives and automated calls in a short period of

7        time.

8    B.  Calling Plaintiff's telephone repeatedly and continuously with intent to harass

9        annoy or abuse debtor in violation of §1692d(5)

10    C.  Defendant failed to disclose their true corporate or business name in the initial

11        call to Plaintiff in violation of §1692d(6)

12    D.  Using false, deceptive, or misleading representations or means in connection

13        with collection of a debt, in violation of §1692e, including telling Plaintiff on

14        multiple occasions that a letter explaining the charges was sent to her.

15        Additionally, Defendant used automated calls to falsely imply that Plaintiff

16        did not have a right to see an explanation and/or a justification of the monies

17        Defendant sought to collect.

18    E.  Defendant failed to provide Plaintiff with the notices required by §1692g,

19        neither in the initial communication with Plaintiff, nor in writing within the 5

20        days thereafter, in violation of §1692g(a).

21    F.  After the debt was disputed by Plaintiff, Defendant continued to contact

22        Plaintiff without first providing validation of the debt, in violation of

23        §1692g(b).

24    G.  Defendant overshadowed the disclosures required by §1692g(a) during the

25        thirty-day dispute period, by contacting Plaintiff via automated calls and

26        representatives of Defendant, in violation of §1692g(b).

27

28

H.  Defendant made representations to Plaintiff during the 30-day dispute period that are inconsistent with the disclosures required by §1692g(a), including that she needed to pay the alleged debt immediately in violation of §1692g(b).

24.    Defendant violated the Telephone Consumer Protection Act of 1991 by harassing Plaintiff by making no less than eleven (11) automated calls through use of an "automatic telephone dialing system," as defined in 47 U.S.C § 227a(1), without establishing a business relationship as required by 47 U.S.C §227(2) or receiving prior express consent in violation of 47 C.F.R. §64.1200f(8).

## FIRST CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1692, *et. seq.*)

25.    Plaintiff reincorporates by reference all of the preceding paragraphs.

26.    As a direct and proximate cause of the acts described above, Plaintiff has sustained and suffered damages.

27.    The Defendant's conduct as alleged herein was willful, intentional, oppressive, fraudulent, malicious and done in reckless disregard of the rights of Plaintiff, thereby warranting the imposition of punitive damages.

28.    Plaintiff has been forced to retain the services of legal counsel, and Plaintiff is entitled to an award of reasonable attorney's fees and costs of suit.

## SECOND CLAIM FOR RELIEF
### (Violation of 47 U.S.C. § 227, *et. seq.*)

29.    Plaintiff reincorporates by reference all of the preceding paragraphs.

30.    As a direct and proximate cause of the acts described above, Plaintiff has sustained and suffered damages, including having her privacy rights violated.

31.    The Defendant's conduct willingly and knowingly was in violation of 47 U.S.C §227(3), thereby warranting the imposition of damages, up to $1,500 for each violation. Alternatively, Defendant's conduct was negligent, warranting the imposition of damages of $500 per violation.

…

1

**PRAYER FOR RELIEF**

2
**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the

3
Defendants, on all counts, for the following:

4
    1.  Actual damages;

5
    2.  Statutory damages;

6
    3.  Punitive damages;

7
    4.  Costs and reasonable attorneys' fees;

8
    5.  A trial by jury; and

9
    6.  For such other and further relief as the Court may deem just and proper.

10
Dated this 26th day of June, 2015.

11
ANTHEM LAW

12

13
By: /s/ David L. Langhaim, Esq.
DAVID L. LANGHAIM, ESQ.

14
Nevada Bar No.: 12425

15
1519 Helm Dr.
Las Vegas, NV 89118

16
Telephone: (702) 885-9897
*Attorney for Plaintiff*

17

18

19

20

21

22

23

24

25

26

27

28